## Stowe v. Louisville & Nashville Railroad Co.

(Decided October 14, 1910.)

### Appeal from Christian Circuit Court.

1. Railroads—Fires—Injury to Crops—Defective Spark Arrester— Evidence of Other Fires—Competency.—In an action against a railroad company for damages to the crops of the plaintiff who lived on the railroad line, alleged to have been set out by sparks from the railroad engine, proof of fires occurring three and four months previously along the railroad line was properly excluded by the court as being too remote to be of any assistance to the jury in determining the issues presented. The court did not err

in permitting appellee to show that there were other grades on its line of road steeper and heavier than that adjacent to appellant's field, where no fires had occurred prior to the time complained of.

DOWNER & RUSSELL for appellant.

BENJAMIN D. WARFIELD, CHAS. H. MOORMAN and C. H. BUSH for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellant, G. H. Stowe, owns a farm in Christian county, Kentucky, adjacent to the right of way of the Louisville & Nashville Railroad Company. A portion of appellant's farm, consisting of about 225 acres, extends along the railroad right of way for about half a mile. Claiming that the railroad company negligently set fire to hay and clover in this field, and thereby destroyed the same, appellant instituted this action against appellee to recover damages. The jury returned a verdict in favor of the railroad company. From the judgment based thereon this appeal is prosecuted.

The evidence for appellant tended to show that the fires in question occurred on March 25th and 26th, 1909; that they were due to sparks escaping from appellee's engine. There was some evidence tending to show that the spark arrester on appellee's engine was defective, and that the engine itself was negligently handled. The evidence for appellee was to the effect that the spark arrester was in perfect condition, and that the engine was properly handled. Being unable to say that the finding of the jury upon the issues presented was flagrantly against the evidence, we will not reverse the judgment upon that ground.

It is earnestly insisted, however, that the court erred in refusing to permit appellant to introduce evidence of other fires occurring in the vicinity before and after the fires which damaged his crops. One of the fires which it was sought to bring to the attention of the jury occurred more than three months before, and the other fire more than four months after, the fires complained of. Neither appellant nor any of his witnesses was able to testify to any other fires occurring just before or after the fires in question. We conclude that each of these fires was too remote in point of time to be of any assistance to

the jury in determining the issues presented. Had it been shown that, between the time of these remote fires and the fires complained of, there were other fires, thus raising a strong presumption of continued negligence upon the part of the railroad company, the evidence of the two fires referred to might have been properly admitted. In the absence of such evidence, we are of the opinion that the court did not err in refusing to let the evidence of the two fires occurring before and after the fires complained of go to the jury.

The court did not err in permitting appellee to show that there were other grades on its line of road, not very remote, steeper and heavier than that adjacent to appellant's field, where no fires had occurred prior to the time complained of. Appellant had attempted to show that the grade near his field was steep and heavy. To overcome the effect of this evidence, appellee introduced the evidence referred to. It is insisted that this evidence was incompetent, because appellee did not show that similar conditions existed. It did show, however, that the conditions were even more unfavorable to the proper handling of an engine. Under such circumstances, we think the evidence was clearly admissible, although we fail to see that it was very material one way or the other.

Another ground of complaint is that, while appellee's witness, J. P. Gorman, was on the stand, he was permitted over the objection of appellant's counsel, to read to the jury statements from a book which he had in his possession at the time, touching the condition of appellee's locomotive, No. 30, the one which it is claimed set fire to appellant's field. It is insisted that this evidence was improperly admitted, because the entries made in the book were not original entries, but were made by another party than the witness and were compiled from various reports of appellee's employes. We have carefully read the evidence of the witness, Gorman. We find that the book in question was not offered or introduced in evidence, nor did the witness read any extracts therefrom on his direct examination; all the matters complained of were elicited by appellant's counsel on cross-examination. By examining the witness and referring to the book in question, appellant's counsel were evidently trying to test his credibility. Having made the book the basis of their cross-examination, and having elicited from the witness certain statements which he obtained from the

book, counsel for appellant are not in position to complain of the action of the court in refusing to exclude from the jury all evidence as to the record in question.

Upon the whole case, we fail to find in the record any errors prejudicial to the substantial rights of appellant.

Judgment affirmed.