## Chesapeake & Ohio Railway Company v. Snyder.

(Decided April 30, 1915.)

### Appeal from Lawrence Circuit Court.

1. Railroads—Fires—Action for Damages From—Submission to Jury. —In an action against a railroad company for damages resulting in a fire alleged to have been caused by the emission of sparks

and cinders from its locomotive because of its failure to provide a proper arrester, evidence that the train was running at 30 miles an hour, and that at a point one-quarter of a mile before·reaching the building which was destroyed the engine was emitting large volumes of fire and sparks; that about an hour thereafter the house was discovered to be on fire; that the building was only twelve or fourteen feet from the railroad track; that the next day large fresh cinders were found in the vicinity of the building, which were too large to have escaped through the mesh of . a spark arrester, and that there had been no fire in the building that day nor for several days before, justified the submission of the case to the jury on the issue whether the company had set fire to the building.

2. Railroads—Submission to Jury.—Such a case may be submitted to the jury wholly on circumstantial evidence.

3. Railroads—Evidence—Competency.—Where the fire in question occurred on the 5th of October, evidence that other engines had emitted sparks in the vicinity of the destroyed building and set fire to the grass near it and to another building near that same fall and the summer before, was competent.

WORTHINGTON, COCHRAN & BROWNING, F. T. D. WALLACE and M. C. KIRK for appellant.

M. S. BURNS and W. D. O'NEAL, JR., for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

The appellee, prior to the 5th of October, 1913, was the owner of and conducted a planing mill business in Louisa, Lawrence County, Kentucky. The business was conducted in what is known as the canning factory, which was situated only 12 or 14 feet from the Chesapeake & Ohio Railway Company's track at that place.

On the night of the 5th of October, 1913, this building, together with all the contents thereof, and a lot of lumber stacked near thereto, was destroyed by fire, and this action was instituted by appellee against the Chesapeake & Ohio Railway Company, charging that the said fire resulted from the emission of sparks and cinders from its railroad engine because of its negligence in failing to provide the locomotive with the proper spark arrester. The defense was only a traverse of the allegations of the petition, and upon the trial the jury found a verdict for the plaintiff for $2,150, upon which judgment was entered, and from which this appeal is taken.

Two grounds of reversal are relied upon; first, that the evidence did not authorize the submission of the case to the jury; and, second, that incompetent evidence as

to other and different fires alleged to have been caused by sparks from trains was admitted.

The evidence is that at 9:10 o'clock on the night in question a freight train passed through Louisa going west at the rate of thirty miles an hour; that before reaching the canning factory, and when only about one-quarter of a mile from it, the engine was emitting large volumes of fire and sparks and was running heavy. As expressed by one witness, there was "almost a sheet of fire coming out of the top of the smoke stack;" another witness stated that when the engine was about one-half mile from the canning factory the sparks were flying from the engine from thirty to forty feet high. Other witnesses stated that in about an hour or a little longer after the train passed the canning factory was discovered to be on fire, and still other witnesses stated that on the next day large fresh cinders were picked up in the vicinity of the canning factory and on the trial they were produced, together with a piece of screening from a spark arrester, and they were too large to have escaped through the mesh if it had been in proper order.

The defendant introduced witnesses tending to show that the canning factory was habitually used by evilly-disposed persons, and particularly at night, for a loafing place, that men and women of bad repute congregated there for evil purposes; that boys made it a loafing place and frequently smoked cigarettes there. But there was a total failure to show that any such thing occurred on the night of the fire or at any time within several days thereof.

Under this state of the evidence the court properly submitted the case to the jury; the fact that the train was running at the rate of thirty miles an hour, that the engine was emitting, when near the canning factory, large quantities of fire and sparks, the fact that the building was discovered to be on fire within a reasonable time thereafter, the fact that large fresh cinders were found near there the next day, taken with the admitted fact that there had not been that day, nor for several days, any fire in the building, not only justified the submission of the case to the jury, but fully authorized the jury to draw the conclusion that the fire had been caused by sparks from the engine.

It is true the evidence is circumstantial, and that no witnesses saw the engine emit sparks when it was nearer

than one-quarter of a mile from the building, but when it is considered that a train running at the rate of thirty miles an hour only takes thirty seconds to run a quarter of a mile, this, taken in connection with all .the other facts and circumstances in evidence, authorized the jury in finding that the sparks from the engine were the cause of the fire. Sou. Ry. Co. v. McGeoughy, 31 R., 292; C., N. O. & T. P. Ry. Co. v. Faulkner, 30 R., 152.

The court permitted the plaintiff to prove that during the summer and fall of 1913 other engines had emitted sparks in the vicinity of the canning factory and set the grass, and at one time another building, on fire. Such evidence has frequently been held competent in this class of cases. C. & O. v. Richardson, 99 S. W., 642; Mills v. L. & N. R. R. Co., 116 Ky., 309; I. C. Ry. Co. v. Hichlin, 131 Ky., 624; L. & N. v. McArthur, 163 Ky., 291; Stone v L. & N., 140 Ky., 291.

The court, however, in its instructions to the jury in this case directed them that such evidence of other fires on other occasions not in the vicinity of where this fire occurred could not be considered as evidence that plaintiff's property was set on fire by the defendant's train, and certainly the defendant cannot complain of this.

There is no complaint of the instructions in this case, and, perceiving no prejudicial error, the judgment is affirmed.