## Louisville & Nashville Railroad Company v. Feeney.

(Decided November 16, 1915.)

### Appeal from Scott Circuit Court.

1. Railroads—Fires—Actions Against Two Companies for Damages for—Election.—Where a railroad company which owned the track,

and another railroad company which used the track, were jointly sued for setting fire to a barn belonging to the plaintiff, the trial court properly declined to require the plaintiff to elect against which defendant she would prosecute her suit.

2. Railroads—Circumstantial Evidence.—Direct evidence is not indispensable to a recovery in a suit against a railroad company for negligently setting fire to a barn located near the railroad track. In such a case circumstantial evidence is equally as sufficient as direct evidence would be, when the circumstantial evidence connects the sparks from the passing train with the fire.

3. Negligence—Pleading.—It is a general rule of pleading that in alleging an injury to any kind of property, it will ordinarily be sufficient to state, in general terms, that the injury was caused by the negligence or carelessness of the defendant or his servants, without alleging all the circumstances necessary to show negligence; but, where the petition specifies the acts of negligence relied upon, the plaintiff will be confined, in his proof, to the acts specified, and cannot recover by showing a different act of negligence.

4. Railroads—Action Against Two Companies for Damage by Fires—Verdict.—Where a railroad company owning the track, and another railroad company using the track of the former company, were sued jointly for negligently setting fire to a barn located near the track, the failure of the jury to say, in their verdict, which defendant caused the fire, was not prejudicial to the defendant which owned the track and was primarily liable to the plaintiff for the negligence of either defendant.

EMMET M. DICKSON and BENJAMIN D. WARFIELD for appellant.

JAMES BRADLEY and B. M. LEE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.— Affirming.

The appellee, Ellen Feeney, sued the Louisville & Nashville Railroad Company and the Chesapeake & Ohio Railway Company, jointly, for damages for the burning of her barn at Payne's Depot, in Scott County, on December 16th, 1912. The petition alleges that the barn was set on fire by sparks emitted from an engine belonging to one of the defendants, but that plaintiff did not know which company owned the engine that caused the fire, and that the trains of both companies used appellant's railway track where the fire occurred. Both defendants moved the court to require the plaintiff to elect which of the defendants she would sue, but the court overruled both motions.

The issues were made, and upon a trial in October, 1913, the jury returned a verdict against both defendants, for $500.00; but, upon motions of both defendants and the plaintiff, a new trial was granted.

At a second trial, held in May, 1914, the court peremptorily instructed the jury to find for the Chesapeake Company; and the case having been submitted to the jury as against the Louisville & Nashville Railroad Company, the jury returned a verdict against it for $659.46. This appeal is by that company.

The evidence shows that shortly before plaintiff's barn was discovered to be on fire, about four o'clock in the afternoon, four trains passed the barn. The first was appellant's passenger train going west from Lexington to Louisville; the second was appellant's freight train going east from Louisville to Lexington; the third was the first section of the Chesapeake Company's freight train No. 92 going east from Louisville to Lexington; and the fourth was the second section of said train No. 92, going in the same direction.

The petition, however, alleges that the fire was caused by an east-bound train; and, as no claim is made by either party to this appeal, that the fire was caused by the appellant's passenger train first above enumerated, nothing further need be said concerning it.

At the point where the track passed appellee's barn there is a decided up-grade going eastwardly towards Lexington; and, it is contended that the fire was caused by one of the three freight trains while ascending this grade.

1. Appellant first insists that the trial court erred in refusing to require the appellee to elect against which defendant she would prosecute her suit; and, it insists that the case of the Louisville & Nashville Railroad Co. v. Ft. Wayne Electric Co., 108 Ky., 113, is conclusive of this question. A reading of that case, however, fails to convince us of that fact. And, in view of appellant's ownership of the track used by the trains of both companies in this case, it becomes unnecessary to discuss the question of pleading suggested by appellant, since the appellant was liable for the negligence, not only of its own servants and employes, but also for the negligence of the servants and employes of the Chesapeake Company.

In O'Bannion's Admr. v. The Southern Railway in Ky., 33 Ky. L. R., 436, 110 S. W., 329, we passed upon the question here raised, saying:

"The appellee railroad corporation having licensed the Cincinnati, New Orleans & Texas Pacific Railway Company to run its cars over its line, it is as responsible for whatever accident took place in the operation of the train as if it had been one of its own, and, therefore, so far as the responsibility of the appellee for the injury involved here is concerned, we will treat the case as if the accident was occasioned by one of its own trains. McCabe's Admr. v. Maysville & B. S. R. R. Co., etc., 112 Ky., 861; Louisville & Nashville R. Co. v. Breeden's Admr., 111 Ky., 729."

In overruling the motion to require the plaintiff to elect, the trial court was clearly right.

2. Appellant next insists that there was no evidence that any one of the three freight trains in question emitted any sparks, and, consequently, that its motion for a directed verdict should have prevailed. There had been no fire in the barn during that day, or, so far as the evidence shows, for several days. The last person in the barn on the day of the fire closed the barn doors after throwing in a load of corn; and, when he left the barn there was no fire visible, either in or about it.

Appellee's barn was situated about 150 feet north of the track, and the wind was blowing from the southeast.

In the southeast end of the barn there was a window that was left open. This window faced the railroad track, and there was stored in the loft of the barn into which this window opened, several tons of sheaf oats. There was also some straw in the stalls below the loft.

The proof shows that the three freight engines passed the barn shortly before the fire was discovered, and, that in passing this barn shortly before the day of the fire, they had set fire to the grass and fencing along the right-of-way. It further appears from the proof that the fire occurred on December 16th, 1912, about 4 o'clock in the afternoon; that it was a gloomy and dark afternoon; that Miss Kate Feeney, the daughter of appellee, saw sparks emitted in great quantities from one of these engines as it ascended the grade; that Trowbridge, a neighbor, who was stripping tobacco in his barn near the track, and near Mrs. Feeney's barn, had his attention

called to these trains by the unusual puffing and laboring of the engines in ascending the grade; that he went to a crack in the barn and looked out to see what was the trouble; and that the engine was making such an effort to make the grade that he thought something was wrong with the train.

The unusual puffing and laboring of the engine was also noticed by Branham, another neighbor; and all the witnesses who saw the fire testified that it occurred between five and fifteen minutes after the engines had passed.

The facts of this case make it very like I. C. R. R. Co. v. Scheible, 162 Ky., 471, where we said:

"There is no direct evidence that sparks from the engine of the train that passed a few minutes before the fire was discovered set the house on fire, but direct evidence is not indispensable to a recovery in this class of cases. Circumstantial evidence is equally as sufficient as direct evidence would be when the circumstantial evidence connects the sparks from the passing train with the fire. It would be an exceedingly difficult, and in many cases an impossible thing, for the owner of property destroyed by fire to show by direct and positive evidence that the fire was started by sparks from a passing engine. In the night time live sparks falling from engines are very discernible, but in the day time live sparks, although of sufficient heat to set fire to dry material, cannot well be seen by the naked eye as they come from the smoke stack of the engine, and yet in many cases, including this one, circumstantial evidence leaves little room for doubt as to the origin of the fire.

"Several witnesses, who were in or about the house at all times during the morning of the fire and preceding it, testified very clearly and directly and without contradiction that there was no fire in or about the house from which the fire that destroyed it could have been started. Accepting as true the statements of these witnesses, as the jury had a right to do, and as we may well assume they did, it is apparent that the fire must have originated from some outside source, and under the evidence there was only one source from which it could have started, and that was this passing engine."

See also Southern Ry. v. Hanna, 21 Ky. L. R., 850, 53 S. W., 1; C. N. O. & T. P. R. R. Co. v. Falconer, 30 Ky. L. R., 152, 97 S. W., 727; Southern Ry. v. Mc-

Geoughey, 31 Ky. L. R., 291, 102 S. W. 270; C. & O. R. Co. v. Preston, 143 Ky., 189; and C. & O. Ry. Co. v. Snyder, 164 Ky., 433, holding that circumstantial evidence of this character is sufficient to take the case to the jury. But the case at bar is stronger for the plaintiff than the cases just cited, since at least one witness testified that she saw sparks emitted by the engine, shortly before the fire. And, in the McGeoughey case, *supra,* the property destroyed by the fire was 260 feet from the company's right-of-way.

In our opinion, the evidence was sufficient to authorize a submission of the case to the jury upon the issue of appellant's negligence in the operation of its trains.

3.    Appellant further insists that the petition did not allege there was any defect in the engine, or in the spark arrester thereof; and as it only charged negligence in the operation and management of the trains, the proof which tended to show a defective spark arrester did not sustain the charge of negligent operation.

It is a general rule of pleading, that in alleging an injury to any kind of property it will ordinarily be sufficient to state, in general terms, that it was caused by the negligence or carelessness of the defendant or his servants, without alleging all the circumstances necessary to show negligence; but where the petition specifies the acts of negligence relied upon, the plaintiff will be confined, in his proof, to the acts specified, and cannot recover by showing a different act of negligence. Here the allegation of negligence is general in so far as it relates to the operation of the train; and surely the charge that the train was so negligently operated as to set fire to appellee's barn was sufficient to permit the plaintiff to show that the fire was caused by sparks from appellant's engine. It was not necessary for the pleader to allege that the engine was defective in any particular respect, if its operation constituted negligence. Southern Ry. v. Hanna, 21 Ky. L. R., 850, 53 S. W., 1; Southern Ry. v. McGeoughey, 31 Ky. L. R., 291, 102 S. W., 270.

4.    Finally, it is contended that the court erred in not requiring the jury to obey instruction No. 8, given by the court upon its own motion, which required the jury to say in their verdict whether the fire was started from a spark from the engine of the Chesapeake Company or from one of the appellant's engines.

The defendants did not file pleadings against each other, or request the jury to fix the responsibility as between them. On the contrary, they elected to make their fight jointly; and, as the appellant owned the track over which the Chesapeake Company operated its trains, the appellant was liable to the appellee for the negligence of either defendant.

Under these circumstances, we fail to see how the jury's failure to obey the instruction by saying which defendant set fire to the barn, even though it were possible for it to do so, could prejudice the appellant.

We find no error, either substantial or otherwise, in the record.

Judgment affirmed.