# Illinois Central Railroad Company, et al. v. Stivers.

### (Decided November 22, 1916.)

## Appeal from Hopkins Circuit Court.

1. Railroads—Actions for Injuries by Fire.—Circumstantial evidence when sufficiently strong and well connected will authorize a jury to find that sparks from an engine were the cause of a fire in a building near the railroad; it is not necessary that the sparks should have been seen to fall on the building or into it.

2. Railroads—Actions for Injuries by Fires.—There being evidence that an engine of a certain type supplied with proper spark arresters would not emit live sparks if properly managed and operated, and there being evidence that it was so equipped with spark arresters and that it did on a certain occasion emit live sparks, it was proper to submit to the jury the question of negligent operation.

3. Railroads—Action for Injuries by Fires.—Evidence of the emission of sparks by locomotives shortly before and shortly after the fire in question is competent, and where a witness in answer to a properly framed question on this issue does not confine himself to occasions shortly before or shortly after the fire, but voluntarily speaks of more remote occasions, such evidence will not be held prejudicial where there was evidence as to other occasions which did come within the rule.

GORDON, GORDON & MOORE, VIRGIL Y. MOORE, R. V. FLETCHER and TRABUE, DOOLAN & COX for appellants.

LAFFOON & WADDILL for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

On and prior to July 29th, 1915, appellee, Neal Stivers, was the owner of a planing mill at White Plains, in Hopkins County, on the line of appellant's railroad. One of the buildings of this plant, known as the main lumber room, was ninety-five feet from the center of appellant's main track. On that night at about ten o'clock this lumber room was found to be on fire, and as a result the whole plant and practically all of the material on hand together with machinery were destroyed.

This is an action by the appellee against the railroad company to recover for the value of the property so destroyed because, as alleged, of the negligent operation and equipment of the defendant's engines whereby large and unnecessary quantities of sparks and hot coals

and embers were permitted to escape from its engines used in the operation of the railroad and resulting in the destruction of plaintiff's property.

The answer was a traverse, and on the trial the jury returned a verdict for the plaintiff for $5,666, upon which judgment was entered, and a new trial having been refused defendants have appealed.

The grounds for reversal are, (1) that a peremptory instruction should have been given, (2) that the damages were excessive, (3) error in the instructions, and (4) error in the admission of evidence.

The evidence shows that beginning east of White Plains a short distance there is on appellant's line a considerable up grade until it reaches that place and for some distance beyond it; that on the night in question a wind was blowing mildly in the direction of appellee's plant from the railroad track; that at nine-thirty a west-bound freight train passed White Plains and when near appellee's plant, both before it reached it and after passing it, was seen to throw out from the engine, in the language of one witness "a great quantity of fire," and as said by another "right smart sparks;" that it was a long freight train and was pulling up grade, that the engine was laboring and the sparks drifted over towards appellee's property; that the fire was discovered about thirty minutes after this train had passed, and was first seen in the main lumber room, one of the buildings nearest to appellant's track; that the buildings were covered with fireproof roofing, and that the fire was first discovered on the inside of the main lumber room, although there is some contrariety in the evidence as to whether it was burning first in the front part nearest to the railroad track or further back in that room. There is also evidence that large quantities of shavings were around that building, and that under one of the doors entering the building was a crack of about two inches and around this door shavings had burned, and that in the gable end of the building there was an open hole next to the railroad track which had no covering over it through which the sparks from the engine might have gotten into the house. The foreman of the planing mill testified that he locked up the plant at six o'clock and that there was no fire in the house at that time.

It has long been the rule in this state in cases of this character that circumstantial evidence, when sufficiently strong and well connected, will authorize a jury to find that the sparks were the cause of the fire; that it is not necessary that the sparks should have been seen to fall on the building or into it, but that if from all the facts and circumstances in evidence a reasonable mind might fairly conclude that the fire or sparks from the engine caused the loss it should be submitted to the jury. L. & N. v. Feeney, 166 Ky. 699; C. & O. Ry. Co. v. Snyder, 164 Ky. 432. The court did not err in declining to give a peremptory.

Of the buildings destroyed two of them had just been completed and the others had been occupied only about a year, and without going into the details it is sufficient to say from the plaintiff's evidence those buildings and their contents were of the value of at least $6,000.

In the instructions the court authorized a verdict for the plaintiff (1) if the defendant failed to equip its engines with the best and most effectual spark arresters, and because of such failure the fire resulted; (2) if they should believe from the evidence that the defendant's servants in charge of its engine on that occasion operated the same in a negligent manner and thereby caused the sparks to escape therefrom and set fire to the plaintiff's property. It is conceded that there was evidence authorizing the submission of the first question to the jury, if the case should have been submitted at all, but it is insisted that there was no evidence justifying the submission of the second proposition. The evidence showed that the engine in question was a very large one, known as a Mikado engine, and it is in evidence by the defendant's own witnesses that such an engine when properly supplied with spark arresters, as it is claimed this one was, would not emit any sparks when properly managed and controlled, and that the emission of sparks from such an engine depended not only upon its equipment but upon the manner of its operation. In other words, that an engine of this type supplied with proper spark arresters would not emit live sparks if the engineer properly managed and controlled it, and it follows if it did emit them, necessarily there was evidence of negligent operation. It may very well have been under the evidence in this case that the jury believed the engine was properly equipped with spark arresters,

but that because of the negligent manner of its operation the sparks were emitted notwithstanding the presence of the spark arresters. We think under the evidence the court properly submitted both questions to the jury.

This court has laid down the rule that in cases of this character evidence of the emission of sparks by locomotives shortly before and shortly after the fire in question is competent, and this rule is recognized by appellant; but it is insisted that it has not been properly followed in this case, and that evidence of fires too remote from the one in question was admitted by the lower court. The record discloses that counsel for plaintiff on the trial carefully framed all of their questions calling for such evidence in accordance with this rule, but that sometimes the witness instead of confining the answer to occasions shortly before or shortly after would go on and speak of more remote occasions when he had seen sparks coming from engines. Some of this evidence was permitted to go unchallenged, but part of it appellant's counsel objected to and entered motions to strike out. In one or two instances such motions were improperly overruled by the court, but in the light of the whole record, and in view of the fact that there was evidence showing occasions which did come within the rule, we do not think such action of the court was prejudicial.

On the whole case we see no prejudicial error and the judgment is affirmed.