## Cincinnati, New Orleans and Texas Pacific Railway Company v. Alexander.

(Decided June 2, 1925.)

### Appeal from Grant Circuit Court.

1. Appeal and Error—Question Whether Incompetent Evidence was Admitted Against Defendant on Second Trial could be Considered on Second Appeal.—On second appeal, question whether incompetent evidence was admitted against defendant on second trial could be considered, where on former appeal present appellant was appellee, and question was not and could not have been properly presented.

2. Railroads—Evidence Locomotive Before and After Fire Emitted Sparks Held Admissible.—In action for damages for destruction of plaintiff's property by fire from defendant's locomotives, admission of evidence that defendant's locomotives emitted sparks in unusual quantity and size, and for more than 3 months before and after the fire, held not erroneous, where admittedly competent evidence connected such remote conditions to, and tended to establish defendant's negligence with, fire in question.

3. Appeal and Error—Appellant could Not Complain of Instruction Approved by Appellate Court in Former Opinion on First Appeal. —Appellant could not complain of an instruction given on second trial, approved by appellate court in a former opinion on first appeal; such opinion being law of case, and appellant being bound bound thereby.

4. Appeal and Error—Appellate Court without Authority to Consider Question that Court Compelled Jury to Make a Verdict.—Appellate court was without authority to consider question that court compelled jury to make a verdict by directing them, after they had reported that they could not agree, that they would have to stay in jury room until midnight unless they made a verdict, in absence of showing by bill of exceptions that anything improper or prejudicial to defendant's rights occurred when trial court sent jury back to room.

5. **Appeal and Error—Appellate Court can Consider Only Errors Shown by Bill of Exceptions.**—On appeal, appellate court can consider only such errors as may have occurred on trial as are shown by bill of exceptions.

F. A. HARRISON for appellant.

C. C. ADAMS and L. M. ACKMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

Appellant prosecutes this appeal from a judgment of the Grant circuit court awarding appellee, Goldy S. Alexander, $1,500.00 for the destruction of his home, outbuildings and contents, found by the jury to have been destroyed by fire originating from sparks emitted by one of appellant's locomotives. This is the second appeal of the case, and the former opinion may be found in 202 Ky. 475. It is referred to for a statement of the issues and facts of the case. By the former opinion it was held that the case was properly submitted to the jury and that the instructions given were without error. The judgment from which the former appeal was taken was reversed solely upon the ground that incompetent evidence was admitted upon the first trial. When the case was retried the incompetent evidence was eliminated and the issues were submitted to the jury under the instructions approved by the first opinion herein, resulting in a verdict and judgment as above indicated.

Appellant seeks to reverse the judgment upon the ground that incompetent evidence was admitted against it upon the second trial of the case. The question may properly be considered since, upon the former appeal of this case, the present appellant was the appellee, and the question now presented was not and could not have properly been presented upon the former appeal. It is insisted for appellant that the trial court permitted too much latitude in admitting evidence that its railroad locomotives in passing the vicinity of the house destroyed by fire emitted sparks and burning cinders. It is conceded that as tending to establish a defective condition of its spark arresters, or the ineffectiveness of those being used to accomplish the purpose for which they are used, or the negligent operation of locomotives, it is competent to admit evidence that appellant's locomotives similarly equipped emitted sparks and burning cinders of unusual

size or in unusual quantities both before and after the fire in question, but it is insisted that the Kentucky cases on the question at most have limited such evidence to a period of three months' time before and after the fire. The cases cited by appellant as sustaining its contention are Stowe v. L. & N. Railway Co., 140 Ky. 291; L. & N. Railroad Company v. Guttman, 148 Ky. 235; C. & O. Railroad Company v. Meek, 169 Ky. 775; L. & N. Railroad Company v. Brewer, 170 Ky. 505, and Akers, et al. v. Illinois Central Railroad Company, 207 Ky. 373.

However, the holding in those cases that the evidence as to other fires and as to passing locomotives emitting sparks and burning cinders was too remote from the fire made the basis of the action to be competent was predicated upon the fact that no evidence showing similar conditions to have existed closer in time to the fire was offered and that, therefore, the evidence establishing the remote negligence, not being connected, was not competent as establishing negligence when the fire occurred. The evidence complained of herein tended to establish that immediately before and after the fire appellant's locomotives in passing the vicinity of appellee's home emitted sparks and burning cinders in unusual quantities and of unusual size, one witness fixing the size as ranging from that of small bird's eggs to that of shot. The trial court permitted the witnesses to testify that such had been the condition for a longer period of time both before and after the fire than this court has admitted as competent evidence of other fires and like conditions which were not connected. For instance, in the Stowe case, *supra,* appellant complained that the trial court rejected evidence of other fires offered, one occurring three months before and another four months after the fire that destroyed Stowe's crops. This court held the evidence properly rejected as being too remote. The court further said, however:

"Had it been shown that, between the time of these remote fires and the fires complained of, there were other fires, thus raising a strong presumption of continued negligence upon the part of the railroad company, the evidence of the two fires referred to might have been properly admitted. In the absence of such evidence, we are of the opinion that the court did not err in refusing to let the evidence of the

two fires occurring before and after the fires complained of go to the jury.''

The evidence complained of herein as being too remote was carried beyond the principles of the cases relied upon by appellant by the other evidence admittedly competent which connected the remote conditions testified to and competent as tending to establish appellant's negligence with the fire in question. Hence we conclude that the trial court properly admitted the evidence objected to by appellant.

Appellant complains of instruction No. 5 given by the court to the jury. We find, however, that to be one of the same instructions given upon the first trial of this case which were approved by the court in the former opinion rendered herein. The former opinion is the law of the case and appellant is bound. However, the instruction given is not subject to the criticism offered by appellant.

Again, appellant insists that the trial court erred in compelling the jury to make a verdict. In that connection, as appears from the motion and grounds for a new trial, the case was submitted to the jury about 2:30 o'clock on Saturday afternoon of the last day of the term. About 5:30 p. m. the jury reported to the court that they could not agree. The court thereupon sent the jury back to the room, telling them that they would have to stay until midnight unless they made a verdict. The bill of exceptions does not mention this incident. It does not show what, if anything, the trial court said to the jury when at 5:30 p. m. it reported that an agreement could not be reached. If the trial court on that occasion said anything to the jury prejudicial to appellant's rights an objection should have been entered by appellant and a motion to discharge the jury should have been made. For lack of a showing by the bill of exceptions that anything improper or prejudicial to appellant's rights occurred when the trial court sent the jury back to the room, this court is without authority to consider the question. Upon the appeal we can consider and review only such errors as may have occurred upon the trial of the case as are shown by the bill of exceptions.

Judgment affirmed.