# Chesapeake & Ohio Railway Company v. Kinkead.

(Decided January 24, 1928.)

## Appeal from Shelby Circuit Court.

1. Railroads.—In action for damages for fire destroying house with shingled roof, 75 feet from railroad track, alleged to have been caused by sparks from railroad engine, evidence held sufficient to support verdict for plaintiff as against contention that it was result of passion and prejudice.

2. Damages.—Verdict for $1,575 held not excessive, where evidence showed value of house destroyed by fire to be $1,500, and value of personal property to be $375.

TODD & BEARD and HUNT, NORTHCUTT & BUSH for appellant.

PICKETT, BARRICKMAN & KALTENBACHER for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Mrs. Blanche Kinkead owned a house and lot in Bagdad, Ky. The house was south of the railroad track, and 75 feet from it. On December 22, 1924, the house burned. The railroad is owned by the Louisville & Nashvillee Railroad Company, but the Chesapeake & Ohio Railway Company also operates trains on the line. She brought this suit against both companies for the loss of her house and its contents, charging that the fire was the result of their negligence. On motion of the defendants she elected to prosecute the suit against the Chesapeake & Ohio Railway Company. That company filed answer, and on a hearing of the case she recovered a verdict and judgment for $1,575. The defendant appeals.

The only ground relied on for reversal is that the verdict is against the evidence—the result of passion and prejudice on the part of the jury. The facts are these: It was a frame house covered with shingles. It was a very dry season. There had been no rain for some time. A strong wind was blowing from the railroad toward the house. The defendant's train, coming from Louisville, passed there a few minutes before the fire was discovered. The house consisted of two rooms in front; the west room being used as a family room, the east room as a sitting room or parlor. Back of these two rooms was an ell with a porch at the side, which constituted the kitchen and pantry. The family usually ate in the kitchen, which

also served as the dining room, but in summer they ate out on the porch, which was the summer dining room. There was also a porch in front of the house.

The plaintiff's proof showed these facts: A fire had been kindled in the kitchen, and supper had been cooked. The family had eaten supper about 6 o'clock, and at the time of the fire there were only a few embers in the kitchen stove. That morning they had started a fire with coal in the family room, but had shut the draft off, and, after supper, they all went in there, but the draft of the stove had not been opened, and nothing was in it except the coal that was put in there that morning. While they were sitting there, the defendant's passenger train coming from Louisville passed. About a quarter of a mile west of the house a grade began, and the train was running up grade from that point until it passed the house. A few minutes after this train passed, Mrs. Kinkead heard a popping sound, something that sounded like hail, falling on the roof. The sound came from the front part of the house. She ran out into the yard, and, when she got out there, she saw that the roof next to the railroad was on fire. The flames were going up high in the air. The fire was seven or eight feet from the chimney of the house, and on the north of the chimney. The wind was blowing from the north.

Mrs. R. D. Green, who was a neighbor of Mrs. Kinkead's, was walking along the street in front of Mrs. Kinkead's house at the time the defendant's train passed. Her attention was attracted by large sparks flying from the train. It was going fast and puffing, and throwing out lots of big sparks, which she saw flying over into a yard near Mrs. Kinkead's house. They were great big sparks. She thought they would set the yard on fire. She saw them, and they were still alive after they struck the ground. They went high in the air over her head. Her son, who was with her, testified to practically the same facts. The house was discovered on fire a few minuates after they passed. This testimony was corroborated by the testimony of a number of other witnesses. It has been held in a number of other cases that such testimony is sufficient to take the case to the jury. I. C. R. R. Co. v. Scheible, 162 Ky. 471, 172 S. W. 910; L. & N. R. R. Co. v. Feeney, 166 Ky. 699, 179 S. W. 826; I. C. R. R. Co. v. Stivers, 172 Ky. 322, 189 S. W. 211; L. & N. R. R. Co.

v. Hobbs, 188 Ky. 291, 221 S. W. 539; I. C. R. Co. v. Nuckols, 212 Ky. 564, 279 S. W. 964.

On the other hand, the defendant's proof was to the effect that there was practically no grade there; that the train was simply coasting along, and it introduced some proof tending to show that the fire started within the house. But all this was a question for the jury, and the weight of the evidence is really in favor of the plaintiff.

The plaintiff's evidence showed that the house was of value $1,500, and the personal property $375. The verdict for $1,575 is not excessive under the evidence, although there was some conflict of evidence as to the value of the house.

Judgment affirmed.